The opinion of the Court was delivered by
Nott, J.
The people of this State have, by the constitution, assigned to the respective branches of the government, the several powers therein specified, according to the various provisions of that instrument, and in the exercise of those powers, each must necessarily be governed by its own judgment and discretion. The governor, in the discharge of his official duties, must follow what appears to him the most correct construction of the constitution, and wherever he has, by official acts, given a construction to any part of it which relates to his particular department, this Court will not readily interfere to arrest the progress of his measures. The same degree of caution which the Court would use in *18 declaring an act of the Legislature unconstitutional, ought to be observed towards the acts of the executive. The constitution has delegated to him the power “to remit fines and forfeitures, unless otherwise directed by law.” The word “ directed” obviously relates to the governor; he is the antecedent. It cannot refer to fines and forfeitures. Such a view would not comport with either the legal or grammatical construction of the sentence. The governor is clothed with that high authority by the constitution, and cannot be divested of it by implication. The same sovereign people, from whom he derives that power, have authorised their repretatives to withhold it whenever they may think proper; but they must manifest their will by a plain, direct and unequivocal act. The Act of 1801 is not such a one, a.t least, so far as respects that part which vests the penally in the commissioners of the roads. It is not given to them in their individual capacities, but as agents of the State, and for public purposes. The money as much belongs to the State, as if it had been directed to be paid into the public treasury. The act is only directory to the commissioners *in the application of the money when received; it invests no right, which may not be defeated by the intervention of the governor, between the imposition and the collection of the fine. The part given to the informer, rests on a different foundation. There is a vested-interest, adverse from the State, as soon as the conviction takes place. ’ Over that, it has, already been determined, that the governor has no control, and that decision is not now to be questioned. But as it has not been made to appear to the Court, that there was any informer, who was entitled to receive a moiety of this penalty, the motion must be refused. If, however, any individual has a right to a part of it, the way is still open for him to prosecute his claim, and to enforce his right. The Court only determines, that the State has no right or claim, and that the rule was properly discharged.
Cheves, Gantt and Johnson, JJ., concurred.